Filed 11/24/14  P. v. Starr CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B252644 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA090657) |
| v. | |
| MICHAEL HAYDEN STARR, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Arthur Jean, Jr., Judge.  Affirmed.

Michael Hayden Starr, in pro. per.; Renee Rich, under appointment for the Court of Appeal, for Defendant and Appellant.

No appearance for  Plaintiff and Respondent.

_____

Based on allegations Michael Hayden Starr had sexually assaulted his daughter for approximately seven years beginning when she was six or seven years old, Starr was arrested and charged in a seven-count information with having committed a lewd act upon a child under 14 years of age (Pen. Code, § 288, subd. (a)),[1] oral copulation of a child 10 years old or younger by a person 18 years old or older (§ 288.7, subd (b)), sodomy of a child 10 years old or younger by a person 18 years old or older (§ 288.7, subd. (a)), and four counts of aggravated sexual assault upon a child under 14 years of age (§ 269, subd. (a)(1), (a)(4)) through rape (§ 261, subd. (a)(2), three counts) and oral copulation (§ 288a, subds. (c)(2), (c)(3), (d), one count)) by a person seven or more years older. Representing himself, Starr pleaded not guilty to the charges.

At a pretrial conference Starr told the trial court he wanted to continue representing himself. He completed and signed the advisement and waiver of-right-to-counsel form, and the court granted his request. Several months later the trial court granted Starr's request for appointment of counsel and appointed the public defender's office to represent Starr.

On September 12, 2013 Starr, now represented by the alternate public defender's office, agreed to plead no contest to two amended counts of committing forcible lewd acts on a child under 14 years of age (§ 288, subd. (b)(1)) pursuant to a negotiated agreement. At the time he entered his plea, Starr was advised of his constitutional rights and the nature and consequences of the plea, which he stated he understood. Starr's counsel joined in the waivers of Starr's constitutional rights. The trial court expressly found Starr's waivers and plea were voluntary, knowing and intelligent. The court sentenced Starr in accordance with the plea agreement to an aggregate state prison term of 16 years, consisting of consecutive terms of eight years (the upper term) for forcible lewd acts. The court awarded presentence custody credit of 692 days and ordered him to pay statutory fines, fees and assessments. The remaining counts were dismissed pursuant to the negotiated agreement.

---

[1] Statutory references are to the Penal Code.

Starr filed a notice of appeal in which he checked the preprinted box indicating his appeal was "based on the sentence or other matters occurring after the plea"; he did not obtain a certificate of probable cause. We appointed counsel to represent Starr on appeal.

After examination of the record, counsel filed an opening brief in which no issues were raised. On July 28, 2014 we advised Starr he had 30 days within which to personally submit any contentions or issues he wished us to consider. After granting Starr an extension of time, on September 26, 2014 we received a handwritten four-page letter in which Starr asserted two bench officers and his two appointed counsel were rude and insulting, his counsel were constitutionally ineffective and the motions he filed while representing himself were improperly denied.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity. (Cal. Rules of Court, rule 8.304(b)(1).) To the extent Starr is challenging the validity of his plea and his sentence imposed as part of that plea, his appeal is inoperative. Furthermore, he did not file a motion to suppress evidence, and the record fails to demonstrate defense counsel provided ineffective assistance. (*Strickland v. Washington* (1984) 466 U.S. 668, 686 [104 S.Ct. 2052, 80 L.Ed.2d 674].) With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Starr's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

3

**DISPOSITION**

The judgment is affirmed.


PERLUSS, P. J.


We concur:


WOODS, J.


SEGAL, J.[*]


---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.